LIU, J.,
Concurring. At trial, both the prosecution and the defense proceeded on the theory that Deshawn Littleton shot and killed the two victims in this case, Demetrius Hunt and Vincent McCarthy. The evidence showed that Littleton went to the “jumpout” with a gun. When fighting broke out among the gang members, Littleton pulled out his weapon and fired several shots. One witness testified that the shots came from where Littleton, and only Littleton, was standing. Further, the record shows that Hunt and McCarthy were killed with the same kind of bullet (maj. opn., ante, at p. 610), making it reasonable to infer that they were killed by the same gun. During her closing argument, the prosecutor acknowledged that several individuals fired weapons, but she said, “of course, the suggestion is” that Littleton killed Hunt and McCarthy. She went on to argue that the jury could convict defendant Vince Bryan Smith of first degree murder if Littleton acted with premeditation because Littleton was “the individual who actually fired” the fatal shots. Later, defense counsel urged the jury to view “the non-target offense through the eyes of Deshawn Littleton to decide whether or not he in fact committed murder.” Counsel explained that if Littleton fired his weapon in self-defense, then there was no murder; on the other hand, if Littleton acted with premeditation, then he killed the victims to serve his own agenda, and thus the killings were not foreseeable.
On appeal, Smith argues that there was no valid proof of the nontarget offense of murder, and thus no valid proof of his derivative liability for that offense, because the evidence was insufficient for the jury to determine who shot each victim. But this argument fails. As both parties acknowledged at trial, and as the Attorney General argues on appeal, the evidence was plainly sufficient for the jury to conclude that Littleton shot and killed both victims. *621 This conclusion, together with our holding that it does not matter whether Smith directly or indirectly aided and abetted Littleton as to the target crime (maj. opn., ante, at p. 613), provides ample basis for us to affirm Smith’s murder conviction.
Instead of affirming the judgment on this ground, the court opts to decide this case on the novel theory that the jury “could convict defendant of the murders despite uncertainty as to who exactly the killer was.” (Maj. opn., ante, at p. 617.) While conceding that “substantial evidence would support a verdict on [the] basis” that Littleton shot both victims, the court says “we are not so sure that was the sole basis for the verdict given the uncertainty in the evidence and the trial court’s instructions” and that “[i]t is possible that one or more of the jurors were not entirely certain exactly who fired the fatal shots . . . .” (Id. at p. 619.) Of course it is “possible.” But given that (1) both parties proceeded at trial on the theory that Littleton killed both victims and (2) substantial evidence readily supports this theory, I do not see why we need to go on and speculate. On this record, it is not necessary to decide whether Smith could be convicted of murder under the natural and probable consequences doctrine if the jury was unsure who killed each victim.
But the court decides the issue anyway, applying the rule that in order to convict a defendant of murder, the jury need not unanimously agree on the theory by which he is guilty. (See People v. Santamaria (1994) 8 Cal.4th 903, 918-919 [35 Cal.Rptr.2d 624, 884 P.2d 81] (Santamaria).) According to the court, it would not matter if six jurors had concluded that Littleton (and no one else) shot and killed both victims, while six other jurors had concluded that Tovey Moody (and no one else) killed both victims. Despite these inconsistent theories, the court contends, each of the 12 jurors would have been convinced that two murders occurred; thus, Smith could be held liable for the murders so long as they were natural and probable consequences of the jumpout. (Maj. opn., ante, at p. 619.)
Yet we have never applied the Santamaria rule in this way to affirm a murder conviction under a natural and probable consequences theory. For support, the court cites a single case, People v. Culuko (2000) 78 Cal.App.4th 307 [92 Cal.Rptr.2d 789], not mentioned by either party or by the Court of Appeal below. Culuko held that the defendant could be convicted of murder either as a direct perpetrator who killed with malice or as an aider and abettor of a confederate who foreseeably killed with malice, and that the jury did not need to agree on which theory it found true. (Id. at p. 323.) Here, there was no suggestion that Smith committed murder as a direct perpetrator; the only theory of murder was one of natural and probable consequences. The question is whether Smith can be convicted of murder on this sole theory if the jury was unsure who (excluding Smith) killed the victims. Culuko, *622 whatever its merits, did not address this issue. (See McWilliams v. City of Long Beach (2013) 56 Cal.4th 613, 626 [155 Cal.Rptr.3d 817, 300 P.3d 886] [“ ‘ “[C]ases are not authority for propositions not considered.” ’ ”].) Given the lack of authority for the approach in today’s opinion, it is no wonder the prosecutor did not advance this theory at trial.
Today’s extension of the Santamaria rule is problematic because an essential element of proving that a defendant committed murder under a natural and probable consequences theory is valid proof that one (or more) of the defendant’s confederates committed murder. (See People v. Prettyman (1996) 14 Cal.4th 248, 267 [58 Cal.Rptr.2d 827, 926 P.2d 1013] [natural and probable consequences liability requires proof that “the defendant’s confederate committed an offense other than the target crime(s)” (italics omitted)].) Our case law has always held — and today’s opinion does not dispute- — that independent and satisfactory proof of the nontarget offense is itself a necessary element of proving a defendant’s vicarious liability for that offense under a natural and probable consequences theory. A finding by six jurors that Littleton (and no one else) committed murder, together with a finding by six other jurors that Moody (and no one else) committed murder, does not add up to a valid finding that anyone committed the nontarget offense of murder in this case. We have never said that murder can be proven that way, and we should not adopt a special rule here.
It is no answer to say that “[t]he jury certainly had to find that someone committed murder.” (Maj. opn., ante, at p. 619.) To say the jury found that “someone committed murder” is a conclusory play on words. There is no finding of “murder” under the law simply because each of 12 jurors believes “someone” killed with malice. Even if Smith’s liability for murder does not depend on whether Littleton or Moody (or anyone else) would be convicted of murder if tried in a separate proceeding (cf. People v. Wilkins (1994) 26 Cal.App.4th 1089, 1093-1096 [31 Cal.Rptr.2d 764]), it is essential that the jury in this proceeding find valid proof of the nontarget offense of murder.
As a point of contrast, it would not matter whether the jury could determine who killed each victim if the jury had found that all possible shooters acted with malice aforethought toward Hunt and McCarthy. In that scenario, each possible shooter would have been either a perpetrator or an aider and abettor of the murders and, as such, would have been liable for murder, no matter who actually shot each victim. But the jury instructions in this case did not require any such finding as to all possible shooters, and the record does not compel such a finding beyond a reasonable doubt.
In sum, a finding by each member of the jury that someone within the group of possible shooters killed the victims with malice — without any *623 agreement on the shooter’s identity or a unanimous finding that all possible shooters acted with malice — is not valid proof that anyone committed the nontarget offense of murder. Without such proof, an essential element of Smith’s liability for murder under a natural and probable consequences theory is missing. This difficulty is entirely avoidable because there was sufficient evidence for the jury to conclude that Littleton murdered both victims. In light of the evidence and arguments advanced by both parties at trial, there is no reason to indulge the speculative theory of the jury’s verdict offered by today’s opinion.
For the reasons above, I join the court in affirming Smith’s murder conviction.